**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Steven Lane CRAWFORD, and Randall Craig Waggoner, Defendants-Appellants.**

**No. 85–2105.**

United States Court of Appeals, Fifth Circuit.

Aug. 12, 1985.

---

T.J. Baynham, Jr., (Court appointed), Tyler, Tex., for Waggoner.

Weldon Holcomb, Tyler, Tex., for Crawford.

Mark L. Gross, Wm. Bradford Reynolds, Jessica Dunsay Silver, Dept. of Justice, Civil Rights Div., Washington, D.C., for United States.

Before RUBIN and REAVLEY, Circuit Judges, and SEAR *, District Judge.

REAVLEY, Circuit Judge:

Steven Crawford and Randall Waggoner were convicted on one count of conspiring to transport illegal aliens, nine counts of transporting illegal aliens, and eleven counts of holding persons in involuntary servitude.[1] They appeal an order of the district court granting the government's Fed.R.Crim.P. 35(a) motion to correct sentence, claiming that the increase in punishment they received on resentencing violates their double jeopardy rights.[2] Concluding that resentencing was proper in this case, we affirm.

On resentencing, Crawford was sentenced to five years' imprisonment on each count, except one, with the sentences running concurrently. He was given credit for the time he had served on probation under his original sentence. He was sentenced to three year's probation on the remaining count, to run consecutively to the five year term of imprisonment. Additionally, he was fined $1,000 and ordered to pay restitution for wages owed to the workers he had been convicted of enslaving. He was given credit for any amount he had previously paid.

Waggoner's punishment was the same as that imposed on Crawford, except his term of imprisonment was four years and he was not made responsible for paying restitution to the former enslaved workers.

---

* District Judge for the Eastern District of Louisiana, sitting by designation.

1. See 18 U.S.C. § 371 (1982) (conspiracy to commit offense); 8 U.S.C. § 1324(a)(2) (1982) (knowingly transporting aliens within the United States in violation of law); 18 U.S.C. § 2 (1982) (principals); 18 U.S.C. § 1584 (1982) (holding persons in involuntary servitude).

2. Crawford and Waggoner were each originally sentenced to five years' probation and fined $1,000 on the conspiracy count. They also received a sentence of five years' probation on the eighteen remaining counts, to run concurrently with sentence on count one, and were fined an additional $1,000.

## I.

At the original sentencing proceeding, the district court judge addressed each defendant and gave each one an opportunity to respond, as required by Fed.R.Crim.P. 32(a)(1). The attorneys for the United States were not heard. Arguing that the denial of the government's right of allocution under Rule 32(a)(1) had caused the sentences given the defendants to be imposed in an illegal manner, the United States appealed and petitioned for mandamus. We dismissed the appeal for want of jurisdiction and denied the writ of mandamus because we concluded that the alleged flaw in the sentencing proceeding did not justify extraordinary relief. In dismissing the appeal, we stated that the government was free under Rule 35 to apply for correction of sentence in the district court and that Rule 35's 120-day period would begin anew on receipt of our mandate.

The United States then filed its Rule 35(a) motion to correct sentence. In granting the government's motion, the district court noted that it had understood the government's right to be heard and had not intended to deny it; but looking back at what had transpired and making an objective ruling in response to the Rule 35 motion, the court stated that the "overriding fact is that the government was not heard before sentence was pronounced on defendants Crawford and Waggoner when it apparently wished to be heard." The court was therefore "of the opinion that the sentences were imposed in an illegal manner and that correction pursuant to Rule 35 is necessary." The court vacated the sentences previously imposed, and, concluding that the appearance of justice would be more readily served if the defendants were resentenced before another district judge, ordered the action transferred to the chief judge for the district for further proceedings as deemed appropriate. Greater sentences, *see supra* n. 2, were subsequently imposed.

The two primary issues raised in this appeal are: first, whether the district court erred in granting the government's motion under Fed.R.Crim.P. 35; and, second, whether the resentencing of Crawford and Waggoner violated their double jeopardy rights under the Fifth Amendment.[3]

## II.

### A.

The appellants concede that Fed.R. Crim.P. 32(a)(1) grants the government allocution rights equal to the rights granted defendants.[4] They assert, however, that the district court erroneously found that the United States was denied its right to allocute.

The record shows that, in the original sentencing proceeding, the district court discussed the presentence report with each defendant. The court then gave the defendants and their counsel each an opportunity to speak on behalf of the defendants. Immediately thereafter, the court began to discuss recommendations from the probation office concerning the defendants. The court then addressed the attorney for the Justice Department, stating its opinion concerning the efforts of the government to reduce the number of illegal aliens entering the United States. The United States Attorney began to respond, but she was

---

**3.** Appellants also assert that the government's original appeal was taken in bad faith and, therefore, that appeal should not be the basis for extending the 120-day time limit in Fed.R. Crim.P. 35(a). This contention was not raised in the district court and we decline to consider it here. *See Self v. Blackburn,* 751 F.2d 789, 793 (5th Cir.1985).

**4.** Fed.R.Crim.P. 32(a)(1) states:
   **Imposition of Sentence.** Sentence shall be imposed without unreasonable delay. Before imposing sentence the court shall

\*    \*    \*    \*    \*    \*
   (B) afford counsel an opportunity to speak on behalf of the defendant; and
   (C) address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of punishment.
   The attorney for the government shall have an equivalent opportunity to speak to the court.

stopped by the court and told that the court did not wish to hear from her. She repeated her attempt to speak several times but each time she was stopped by the court. When she began to cite the rules, the court responded that it did not care what the rules said concerning what the attorney was talking about. The court warned her that it could hold her in contempt under the rules if she said anything else. Immediately thereafter, the court imposed sentence on the defendants.

The appellants contend that, in finding that the United States had been denied its allocution rights, the district court improperly "implied substance over form." They argue that it is obvious from the transcript that the government's attorney chose not to speak when its attorney standing at the lectern did not seek allocution rights. They contend that the United States Attorney that attempted to address the court was not at the lectern. They characterize her attempts to speak, as did the district court in its brief opposing the government's petition for mandamus, as improper interruptions. We believe that in the Rule 35 hearing the district judge was entitled, whatever the position of the government attorneys in the courtroom might have been, to find that the court did not hear the government when it wished to be heard.

■ The district court in its order granting the Rule 35 motion found, in effect, that the court denied the United States its right to allocution. We review such factual determinations by the district court under the clearly erroneous standard. *Campbell v. United States,* 373 U.S. 487, 493, 83 S.Ct. 1356, 1360, 10 L.Ed.2d 501 (1963). The district court's finding is not clearly erroneous. Though government counsel attempted to speak, the court stopped her and proceeded to sentencing without informing any government counsel they might then be heard. The record does not indicate which United States Attorney was standing at the lectern. The United States Attorney had been told not to speak and thereafter remained silent. We cannot assume that silence under those circumstanc-

es meant the choice to forgo allocution. We accept the district court's finding that the overall effect was that the government was denied its allocution rights. It follows that the sentences were imposed illegally, in violating Fed.R.Crim.P. 32(a)(1). *See United States v. Velasquez,* 748 F.2d 972, 974 (5th Cir.1984). We hold that the court properly granted the motion of the United States to correct sentence under Fed.R. Crim.P. 35(a).

**B.**

■ The appellants contend that their right not to be placed twice in jeopardy was violated when their punishment was enhanced in the resentencing proceeding. They argue that they had a legitimate expectation that their sentences were final because (1) they were not at fault in the original sentencing proceeding, and (2) absent statutory authority, their sentences could not be enhanced once they had begun to serve them. The United States counters that no such expectation exists when, as here, the sentence is challenged in a manner provided by law.

Appellants cite *Jones v. United States,* 722 F.2d 632 (11th Cir.1983), in arguing that their lack of culpability in the original sentencing proceeding should be controlling. The defendant in *Jones* was originally sentenced to four years' imprisonment, with all but an indeterminate six months suspended, and five years probation. When the district court later learned that it had been mistaken about certain factual matters, through no fault of the defendant, the court resentenced the defendant to four years' imprisonment, with no part suspended and no probation. *Id.* at 633.

The Eleventh Circuit reversed the district court's judgment in *Jones,* holding that the defendant's "legitimate expectations with respect to the duration of his sentence were frustrated by resentencing." *Id.* at 638. In so holding, the court explained that a sentence, once imposed and commenced, could not be enhanced unless modified according to statute or unless the defendant knowingly deceived the court.

*Id.* The sentence of the defendant in *Jones* was imposed legally and was not subject to attack on a Rule 35 motion. That is the difference between *Jones* and the present case.

The Supreme Court ended any question whether the government can challenge an illegal sentence in *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). The defendant in *DiFrancesco* had been sentenced as a dangerous special offender under 18 U.S.C. § 3575. The United States sought review of his sentence under 18 U.S.C. § 3576, a statute granting such rights under specified conditions. *Id.* at 118–123, 101 S.Ct. at 427–30, 66 L.Ed.2d at 333–336. The Court of Appeals for the Second Circuit dismissed the appeal on double jeopardy grounds, and the Supreme Court reversed.

In *DiFrancesco*, the Supreme Court summarized the principles of double jeopardy as they apply to sentencing. First, the Court explained that double jeopardy does not prevent review of a sentence just because its success might deprive a defendant of the benefit of a more lenient sentence. *Id.* at 132, 101 S.Ct. at 434–35, 66 L.Ed.2d at 342. Second, the Court recognized that the imposition of a sentence is not an implied acquittal of any greater sentence. *Id.* at 133, 101 S.Ct. at 435, 66 L.Ed.2d at 343. Third, the Court concluded that its prior decisions establish that a sentence does not have the qualities of constitutional finality associated with an acquittal. *Id.* at 134–35, 101 S.Ct. at 436, 66 L.Ed.2d at 344. Fourth, the Court noted a defendant convicted under section 3575 was charged with knowledge of section 3576 and its appeal provisions. *Id.* at 136, 101 S.Ct. at 437, 66 L.Ed.2d at 345. The Court concluded that such a defendant "has no expectation of finality in his sentence until the appeal is concluded or the time to appeal has expired." *Id.*, at 136, 101 S.Ct. at 437, 66 L.Ed.2d at 345. Finally, the Court explained that a defendant has no right under the Double Jeopardy Clause "to know at any specific moment in time what the exact limit of his punishment will turn out to be." *Id.* at 137, 101 S.Ct. at 437, 66 L.Ed.2d at 346.

Turning to the question whether section 3576 violates the Double Jeopardy Clause, the Court pointed out that *United States v. Benz*, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1931), decided only whether a trial judge could reduce a defendant's sentence after service had begun. The Second Circuit had relied on dictum in *Benz* indicating that a trial court could not increase a defendant's sentence once he had begun to serve it. But the Supreme Court stated that *Ex parte Lange*, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873), on which the *Benz* dictum relied, states no such principle. *DiFrancesco*, 449 U.S. at 138, 101 S.Ct. at 438, 66 L.Ed.2d at 346–47. The Court explained that *Lange* held only that the defendant, already subjected to one of the alternative punishments applicable to his crime, could not again be punished for the same crime. *Id.* at 138–39, 101 S.Ct. at 438, 66 L.Ed.2d at 346. The Court then held that there could be no expectation of finality in a sentence imposed under section 3575 because Congress had specifically provided for its review in section 3576. *Id.* at 139, 101 S.Ct. at 438, 66 L.Ed.2d at 347.

The appellants' final argument thus rests on their ability to point to a distinction, for double jeopardy purposes, between an illegal sentence and a sentence that is illegally imposed. Although "Rule 35 burdens us with the artificial task of drawing [such] lines" in cases involving the question whether review of a sentence is subject to the 120-day limit of Rule 35(a) for sentences illegally imposed, *see United States v. Cevallos*, 538 F.2d 1122, 1128 (5th Cir. 1976), we see no reason, and the appellants give us none, to draw such lines for double jeopardy purposes. While *DiFrancesco* did not involve correction of an illegal sentence within the meaning of Rule 35, its rationale, in the constitutional sense, is applicable here. Defendant is charged with knowledge that his sentence, if illegally imposed, is subject to correction under Fed.R. Crim.P. 35(a). Under such circumstances, he has no expectation of finality in the sentence he receives. This case "is re-

solved by the plain language of Rule 35," *United States v. Henry*, 709 F.2d 298, 317 (5th Cir.1983) (Reavley, J., specially concurring), and *DiFrancesco* indicates that as thus applied the defendant is not exposed to double jeopardy. "Correction of a sentence imposed in an illegal manner does not violate double jeopardy even if the correction increases the punishment, and the fact that [the defendant] has commenced serving the sentence is irrelevant." *United States v. Stevens*, 548 F.2d 1360, 1362–63 (9th Cir.), *cert. denied*, 430 U.S. 975, 97 S.Ct. 1666, 52 L.Ed.2d 369 (1977).

In affirming the order of the district court, we also reject the appellants' argument that this case is controlled by *United States v. Henry*, 709 F.2d 298 (5th Cir. 1983) (en banc). *Henry* contained dictum stating that "this court is constrained to follow *Ex parte Lange*—as it was generally understood before the Court's ruling in *DiFrancesco*—in every Rule 35 case." *Henry*, 709 F.2d at 310. We are not bound by dictum of a minority of the en banc court, and we decline to follow it.

AFFIRMED.