**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Roberto Garza COLUNGA a/k/a Roberto Garza, Defendant-Appellant.**

No. 85–2378.

United States Court of Appeals,
Fifth Circuit.

April 4, 1986.

Joseph A. Connors, III, McAllen, Tex., Sheldon Weisfeld, Brownsville, Tex., for defendant-appellant.

Mervyn Hamburg, Atty., Appellate Section, Crim. Div., U.S. Dept. of Justice, Washington, D.C., Henry K. Oncken, U.S. Atty., Susan L. Yarbrough, James R. Gough, Asst. U.S. Atty., Houston, Tex., for U.S.

Before BROWN, REAVLEY, and HILL, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

In this appeal we are asked to determine the proper remedy when a defendant pleads guilty to, and is sentenced for, two conspiracies when the evidence establishes that only a single conspiracy exists. We hold that the proper remedy is to vacate both sentences and remand to the District Court for resentencing on one count. However, because the original sentence was imposed under a misapprehension of the maximum possible penalty, the defendant-appellant should be given an opportunity to withdraw his guilty plea after receiving correct sentencing information. If he does not so withdraw his plea, the sentenc-

ing judge must impose a sentence on remand consistent with this opinion.

### Let's Make a Deal

On April 9, 1985, Roberto Garza Colunga pleaded guilty to conspiracy to manufacture PCP (Count Two) and conspiracy to manufacture PCC (Count Four), the immediate chemical precursor of PCP. In exchange for his plea, the other counts in the indictment were dismissed. Colunga had previously testified against his co-conspirators who were convicted and whose appeal is also before this Court in the companion case of *United States v. Olivares*, No. 85–2292 (5th Cir. argued Dec. 4, 1985).

Colunga was sentenced to five years imprisonment and a $10,000 fine on Count Two and five years imprisonment and a $10,000 fine on Count Four. The District Court ordered the sentences to run consecutively for a total of ten years imprisonment. Although the indictment correctly described PCP and PCC as Schedule II controlled substances under the Controlled Substances Act of 1970, the District Court sentenced Colunga under the more lenient penalty provisions applicable to Schedule III controlled substances.[1] This sentencing error was apparently made at the behest of the government. Yet, before the District Court accepted Colunga's guilty plea, Colunga testified that he had received no promise or prediction regarding the sentence that the judge would actually impose. He was, however, as part and parcel of the requirement of an informed plea, told that the maximum sentence he could receive was five years on each count for a total of ten. Later, at sentencing, the judge expressly indicated his desire to sentence Colunga to a greater term of imprisonment but again erroneously concluded that the five year sentence was the maximum he could impose on either count.

Colunga subsequently filed this appeal seeking to have one of the convictions vacated on the grounds that he pleaded guilty to two conspiracies when, in law and in fact, only a single conspiracy existed. Accordingly, it is asserted, only one conviction and one five year sentence can stand.

### Two for the Price of One

The double jeopardy clause prohibits multiple prosecutions for the same offense. *United States v. Winship*, 724 F.2d 1116, 1126 (5th Cir.1984). To enforce the guarantee against double jeopardy, the Fifth Circuit has formulated special rules in conspiracy cases. These rules derive from the notion that the essence of a conspiracy offense lies in the *agreement* to violate the law. *Id.* (emphasis supplied). Thus, for each conspiracy conviction the government seeks, there must exist a corresponding separate agreement. *See Winship*, 724 F.2d at 1126. Colunga was charged with, and pleaded guilty to, both a conspiracy to manufacture PCP and a conspiracy to manufacture PCC, the immediate chemical precursor of PCP. The government concedes on appeal that only a single conspiracy existed and that sentencing Colunga on both conspiracy counts violated the Double Jeopardy Clause. We agree and therefore hold that the Double Jeopardy Clause was violated by sentencing Colunga for two conspiracies when only one conspiracy existed.[2]

---

1. The maximum sentence for Schedule III offenses is five years while the maximum sentence for a Schedule II offense involving 500 grams or less of PCP is fifteen years; if the offense involves more than 500 grams of PCP, the maximum sentence is twenty years. *See* 21 U.S.C. § 841(b). Under 21 U.S.C. § 846, the maximum punishment for conspiracy to commit a controlled substance offense is the maximum punishment allowable for the offense which constitutes the object of the conspiracy. Thus, had Colunga been sentenced properly, he would have been subject to at least a 15-year sentence (or 20 if the amount of PCP so justified) for each of the counts rather than just five.

2. There are five factors for determining whether evidence in a conspiracy trial proves more than one offense:
 (1) the time frames of the charged conspiracies;
 (2) the persons acting as conspirators;
 (3) the statutory offenses charged in the indictment;
 (4) the overt acts charged by the government or any other description of the offense

■ We cannot hold, however, that the proper remedy is to vacate the sentence on one count and disallow resentencing on the other. This would result in only a five year sentence for Colunga although the sentencing judge, laboring under a false impression of the maximum sentence, expressed regret that he could sentence Colunga to just ten years. This special factor makes it inappropriate to refuse resentencing on the conviction which survives this appeal. Furthermore, because the illegality of the two conspiracy sentences is intertwined—that is, the presence of both sentences makes the entire sentencing scheme illegal—Colunga cannot put blinders on this Court by purportedly challenging only one of the sentences. Therefore, the proper remedy, for which there is strong authority in this Circuit, is to vacate both sentences and remand to the District Court for resentencing on one count. *United States v. Bradsby*, 628 F.2d 901, 905 (5th Cir.1980); *United States v. Mori*, 444 F.2d 240, 245 (5th Cir.1971), *cert. denied*, 404 U.S. 913, 92 S.Ct. 238, 30 L.Ed.2d 187 (1971); *see also United States v. Winship*, 724 F.2d 1116 (5th Cir.1984).[3] The government may select the count on which resentencing is to be based. *Bradsby*, 628 F.2d at 906.

### An Ounce of Prevention ...

■ Resentencing Colunga under the correct sentencing provisions creates a couple of potential problems that should be addressed now. These problems arise from the fact that on resentencing, Colunga will be exposed to potentially greater punishment than the ten years imprisonment originally imposed.

First, Colunga should be given an opportunity to withdraw his guilty plea because of noncompliance with F.R.Crim.P. 11(c)(1) which requires a defendant to be correctly informed of the maximum sentence he can receive upon pleading guilty. Before the Court accepted his plea, Colunga was told that the maximum prison sentence was ten years, five for each count. However, correctly resentencing Colunga for a Schedule II offense subjects him to a maximum sentence of at least fifteen years, and possibly twenty, depending on the Court's determination of the amount of PCP involved. 21 U.S.C. § 841(b)(1)(B). Misinformation regarding the maximum sentence which causes a defendant to believe that the penalty is less than the actual possible sentence serves as a basis for withdrawal of a guilty plea. *Canal Zone v. Tobar*, 565 F.2d 1321 (5th Cir.1978). Thus, Colunga should be given the opportunity to plead anew with correct information regarding the maximum possible punishment.

■ Should Colunga persist in his original desire to plead guilty, we see no legal barrier to sentencing Colunga to a more severe sentence. We have recently ruled that correction of a sentence imposed in an illegal manner does not violate double jeopardy even if the corrected sentence increases punishment; and the fact that the defendant has begun serving the original sentence is irrelevant. *United States v. Crawford*, 769 F.2d 253, 258 (5th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 887, 88 L.Ed.2d 922 (1986).[4] Moreover, the Su-

charged which indicates the nature and scope of the activity which the government sought to punish in each case; and

(5) the places where the events alleged as part of the conspiracy took place.

*United States v. Winship*, 724 F.2d 1116, 1126 (5th Cir.1984).

These factors, when applied in the present case, clearly indicate the existence of a single conspiracy. The time periods of the two purportedly separate conspiracies are the same. The cast of characters was the same in both charged conspiracies. Both convictions were for violations of 21 U.S.C. § 846. The location

element also supports the single conspiracy theory.

3. *Bradsby* and *Winship* are directly on point as each of those cases involved convictions and sentences for multiple conspiracies which, on review, were found to violate the Double Jeopardy Clause.

4. The appellant in *Crawford* argued that his case was controlled by *United States v. Henry*, 709 F.2d 298 (5th Cir.1983) (en banc), which contained dictum stating that double jeopardy rules prohibit any increase in a sentence once the defendant has begun to serve it. 709 F.2d at

preme Court in *Pennsylvania v. Gold-hammer*, 474 U.S. ——, 106 S.Ct. 353, 88 L.Ed.2d 183, (1985) recently recognized that a court may constitutionally sentence a defendant on retrial more severely than after the first trial, and determined that resentencing after appeal intrudes less upon the values protected by the Double Jeopardy Clause than does a resentencing after retrial.

We do caution the District Court that vindictiveness against Colunga for having successfully attacked his first conviction and sentence on appeal must play no part in the sentence he receives on resentencing. *See North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, (1969). *See also Texas v. McCullough*, —— U.S. ——, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986). *Pearce* also requires that a defendant be freed of apprehension of such retaliatory motivation on the part of the sentencing judge. Thus, if a more severe sentence is imposed the second time around, the reasons for doing so must affirmatively appear. *Pearce*, 395 U.S. at 726, 89 S.Ct. at 2081. Although not foreseen in *Pearce* —and on which we express no ruling—a considerable argument can be made for the proposition that sentencing under an incorrect statutory provision during the original sentencing may be sufficient justification for a more severe sentence for Colunga on remand. Along this same line, the record indicates that the sentencing judge would have given Colunga a more severe sentence but for the mistake—shared by all counsel—as to the possible maximum sentence. The judge

specifically expressed a desire to impose a harsher sentence. Thus, it may not be so difficult to satisfy *Pearce*.

Both sentences are VACATED. The matter is REMANDED with instructions that the conviction of Colunga on one of the counts, at the election of the government, is to be vacated and that count is to be dismissed. If, after receiving correct sentencing information, Colunga chooses not to withdraw his plea, the conviction on the remaining conspiracy count shall be deemed affirmed and Colunga is then to be resentenced on that conspiracy count consistent with this opinion.

---

317. The Court in *Crawford* correctly observed that this was dictum of a minority of the en banc court and declined to follow it. *Crawford*, 769 F.2d at 258. Therefore, we believe that *Crawford* provides the correct formulation of the Fifth Circuit rule.

Furthermore, the swing votes in *Henry* depended on the presence of one sentence which was clearly legal and one which was clearly illegal. In other words, *Henry* stands for the proposition that a successful challenge to a clearly illegal sentence should not subject a defendant to upward resentencing on the clearly legal sentence. With respect to Colunga, there is not one sentence which is clearly legal and

one which is clearly illegal. The illegality is intertwined. It is the presence of *both* sentences which makes the entire sentencing scheme illegal. One of the swing votes in *Henry* expressly stated that his conclusion would have been different if the two sentences in *Henry* could have been considered illegal in combination rather than as one distinctly legal sentence and one distinctly illegal sentence. *Henry*, 709 F.2d at 318 (Jolly, J., specially concurring).

In any event, anything said in *Henry* regarding double jeopardy problems on upward resentencing has been effectively laid to rest by the recent Supreme Court opinion in *Goldhammer*, discussed above.