**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Roberto Garza COLUNGA,
Defendant-Appellant.**

No. 86–2560
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 2, 1987.

Rehearing Denied March 27, 1987.

Joseph A. Connors, III, McAllen, Tex., for defendant-appellant.

Susan L. Yarbrough, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Houston, Tex., Mervyn Hamburg, Atty., Appellate Section, Crim. Division, U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before REAVLEY, JOHNSON, and W. EUGENE DAVIS, Circuit Judges.

JOHNSON, Circuit Judge.

Following a guilty plea on two drug conspiracy counts, Roberto Colunga was sentenced to consecutive five year terms of imprisonment. In *United States v. Colunga*, 786 F.2d 655 (5th Cir.1986), this Court held that the Government had established only a single conspiracy; consequently, sentencing Colunga on both conspiracy counts violated the double jeopardy clause. The panel vacated both sentences and remanded the case for resentencing on one of the two counts. On remand, the district court resentenced Colunga to fifteen years' imprisonment on a single count of conspiracy. Colunga now appeals, contending that the harsher sentence imposed following remand for resentencing violates both double jeopardy and due process. Finding Colunga's contentions to be without merit, we affirm the judgment of the district court.

## I.

On April 9, 1985, Roberto Garza Colunga pleaded guilty to conspiracy to manufacture PCP (Count II) and conspiracy to manufacture PCC (Count IV), the immediate chemical precursor of PCP. The district court sentenced Colunga to five years' imprisonment and a $10,000 fine on Count II and five years' imprisonment and a $10,000 fine on Count IV. The court ordered the sentences to run consecutively for a total of ten years' imprisonment.

Although the indictment correctly described PCP and PCC as Schedule II controlled substances under the Controlled Substances Act of 1970, the district court erroneously sentenced Colunga under the more lenient penalty provisions applicable to Schedule III controlled substances. The maximum sentence for Schedule III offenses is five years while the maximum sentence for Schedule II offenses involving 500 grams or less of PCP is fifteen years. *See* 21 U.S.C. § 841(b). Thus, but for the district court's error, Colunga would have been subject to a potential fifteen year sentence for each of the counts. At that earlier sentencing, the judge expressly indicated his desire to sentence Colunga to a greater term of imprisonment but again erroneously concluded that the five-year sentence was the maximum he could impose on either count.

On the earlier appeal, Colunga successfully argued that he was sentenced for two conspiracies when only a single conspiracy existed in violation of double jeopardy. *United States v. Colunga*, 786 F.2d 655, 657 (5th Cir.1986) (*Colunga I*). The panel rejected Colunga's claim, however, that the proper remedy was to vacate Colunga's sentence on one count and disallow resentencing on the other count. Instead, the

panel concluded that the proper remedy was to vacate both sentences and remand the case to the district court for resentencing on one count, that count to be selected by the Government. *Id.* at 658.

The panel further noted that "[s]hould Colunga persist in his original desire to plead guilty, we see no legal barrier to sentencing Colunga to a more severe sentence." *Id.* at 658. The panel noted that this Court had recently ruled that correction of a sentence imposed in an illegal manner does not violate double jeopardy even if the corrected sentence increases punishment; and the fact that the defendant has begun serving the original sentence is irrelevant. *Id.* at 659 (*citing United States v. Crawford*, 769 F.2d 253, 258 (5th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 887, 88 L.Ed.2d 822 (1986)). The panel also observed that a considerable argument could be made for the proposition that sentencing under an incorrect statutory provision during the original sentencing may be sufficient justification under due process principles for a more severe sentence on remand. *Id.* at 659.

On remand, the Government selected Count II for resentencing Colunga. At the sentencing hearing, the district court offered Colunga an opportunity to withdraw his prior guilty plea and specifically warned Colunga that he was subject to a fifteen-year sentence. After Colunga refused the offer, the district court sentenced him to fifteen years' imprisonment and a $15,000 fine. In doing so, the judge explained that the harsher sentence reflected his original sentencing intent, as stated at the first sentencing hearing, and his subsequent discovery that the maximum statutory sentence was actually fifteen years, not five years as previously assumed.

Colunga now appeals challenging the fifteen year sentence imposed on Count II. Colunga raises the claims anticipated by the panel in *Colunga I.* Specifically, Colunga challenges the longer sentence he received on Count II as violating two distinct constitutional guarantees: double jeopardy and due process.

## II.

■ We have little difficulty disposing of Colunga's double jeopardy challenge. As the panel noted in *Colunga I,* by challenging one of two intertwined conspiracy convictions on double jeopardy grounds, Colunga had, in effect, challenged the entire sentencing plan. 786 F.2d at 658. The panel held that the proper remedy was to vacate both sentences and remand the case to the district court for resentencing on one of the two counts. *Id.*

Colunga had no reasonable expectation of finality in the original sentence imposed on either count, since he had himself sought to nullify the sentencing plan by overturning one of the two convictions. In *North Carolina v. Pearce*, 395 U.S. 711, 720–21, 89 S.Ct. 2072, 2077–78, 23 L.Ed.2d 656 (1969), the Court noted that double jeopardy does not preclude a sentencing authority from, upon a defendant's reconviction following a successful appeal, imposing "whatever sentence may be legally authorized, whether or not it is greater than the sentence imposed after the first conviction." The rationale for this "well-established part of our constitutional jurisprudence" is "that the original conviction has, at the defendant's behest, been wholly nullified and the slate wiped clean." *Id.* at 721, 89 S.Ct. at 2078. *See also Pennsylvania v. Goldhammer*, 474 U.S. 28, 106 S.Ct. 353, 354, 88 L.Ed.2d 183 (1985) (A resentencing after a successful appeal intrudes even less on the values protected by double jeopardy than does a resentencing following retrial, as in *Pearce* ).

■ The fact that Colunga had already begun to serve his original sentence in no way requires a different result. *See, e.g., United States v. DiFrancesco*, 449 U.S. 117, 130–40, 101 S.Ct. 426, 438, 66 L.Ed.2d 328 (1980) (Noting that *Ex parte Lange*, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873) states no general constitutional principle that a trial court cannot increase a defendant's sentence once he has begun to serve.); *United States v. Crawford*, 769 F.2d 253, 258 (5th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 887, 88 L.Ed.2d 922 (1986) (Correcting a sentence imposed in an illegal

manner does not violate double jeopardy even if the correction increases the punishment, and the fact that the defendant has commenced serving the sentence is irrelevant.). Rather, double jeopardy guarantees only that Colunga receive credit on his new sentence for that time already served on the original sentence. *North Carolina v. Pearce, supra.*

### III.

Having rejected Colunga's double jeopardy challenge, we turn to consider the due process implications of the district court's resentencing decision. In *North Carolina v. Pearce,* the Supreme Court recognized that due process limits a sentencing judge's discretion to impose a harsher sentence after reconviction following a successful appeal. The Court held that due process prevented increased sentences actually motivated by judicial vindictiveness: "Due Process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." 395 U.S. at 725, 89 S.Ct. at 2080. Because fear of such vindictiveness could chill a defendant's decision to appeal, the Court further concluded that "due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge." *Id.*

■ Recognizing the difficulty of establishing actual vindictive motivation as well as the need to allay any fear on the part of the defendant that an increased sentence is in fact the product of vindictiveness, the Court adopted a presumption of vindictiveness. This presumption arises when a judge imposes a more severe sentence upon a defendant after reconviction following a successful appeal. The presumption is defeated "only by objective information in the record justifying the increased sentence." *Wasman v. United States,* 468 U.S. 559, 104 S.Ct. 3217, 3221, 82 L.Ed.2d 424 (1984) (*quoting United States v. Goodwin,* 457 U.S. 368, 374, 102 S.Ct. 2485, 2489, 73 L.Ed.2d 74 (1982)).

Not just any objective information will suffice to rebut the presumption. In *Pearce,* the Court stated that the reasons posited by a court for increasing a defendant's sentence following remand "must be based upon objective information concerning identifiable *conduct* on the part of the defendant occurring *after* the time of the original sentencing proceeding." 395 U.S. at 726, 89 S.Ct. at 2081 (emphasis added). In *United States v. Wasman,* however, the Court indicated that *Pearce* "did not intend to confine the sentencing authority's consideration to 'conduct' occurring subsequent to the first sentencing proceeding." 468 U.S. at 571, 104 S.Ct. at 3224. In holding that an intervening conviction for an offense committed prior to the original sentencing could justify a harsher sentence, the Court explained that *Pearce* permits "a sentencing authority [to] justify an increased sentence by affirmatively identifying relevant *conduct or events* that occurred subsequent to the original sentencing proceedings." *Id.* at 572, 104 S.Ct. at 3225 (emphasis added). Since *Wasman,* the Court has observed that even "[t]his language ... was never intended to describe exhaustively all of the possible circumstances in which a sentence increase could be justified." *Texas v. McCullough,* 475 U.S. 134, 106 S.Ct. 976, 980, 89 L.Ed.2d 104 (1986).

In *McCullough,* the Court observed that nothing in the Constitution requires a sentencing judge to ignore pertinent new information developed in a second trial. *Id.* at ——, 106 S.Ct. at 981–82. The Court held that new information produced on retrial in that case regarding the defendant's participation in the offense and his mental and moral propensities was sufficient to justify a harsher sentence. In reaching its conclusion, the Court emphasized " 'the absence of vindictiveness despite whatever incidental deterrent effect [higher sentences] might have on the right to appeal.' " *Id.* at ——, 106 S.Ct. at 981–82 (*quoting Chaffin v. Stynchcombe,* 412 U.S. 17, 29, 93 S.Ct. 1977, 1984, 36 L.Ed.2d 714 (1973)).

Bearing *McCullough* in mind, we conclude that the reasons offered by the district court here for imposing a harsher sentence following remand were sufficient to justify that sentence. Those reasons clearly demonstrated the absence of vindictiveness on the part of the district court. Both the original sentence and that imposed following remand reflect the district court's intent to impose the maximum sentence authorized by law. At the original sentencing hearing, the district judge imposed what he believed to be the statutory maximum sentence of five years on each of the two conspiracy counts. At that time, the district judge stated on the record his desire to impose an even greater term of imprisonment. Following remand, and after learning that Colunga was actually subject to a fifteen-year sentence, the district court imposed the maximum term of imprisonment. In doing so, the district judge specifically referred to his prior erroneous conclusion regarding the maximum sentence authorized by law and his stated desire to impose a sentence greater than the ten-year sentence actually imposed.

In deciding this case, we resolve the question reserved in Colunga I. Where a defendant's original sentence is imposed under an incorrect statutory provision, the district court's subsequent discovery of the appropriate statute may be sufficient "objective information" to justify a harsher sentence under *Pearce*. Such an explanation is certainly sufficient where, as here, the harsher sentence is consistent with the district court's original sentencing intent, as stated at the previous sentencing hearing. In this circumstance, we find no reasonable likelihood that the harsher sentence resulted from judicial vindictiveness in violation of due process.

IV.

Having rejected Colunga's double jeopardy and due process contentions, we AFFIRM the judgment of the district court.

AFFIRMED.