Lanzinger, J.,
concurring in judgment only.
{¶ 20} Unfortunately, the majority’s discussion of “void sanctions” continues the confusion resulting from this court’s opinions regarding errors in the imposition of postrelease control, precedent that I have advocated against consistently, most recently in my dissent in In re J.S., 136 Ohio St.3d 8, 2013-Ohio-1721, 989 N.E.2d 978. Rather than continue the void/voidable dichotomy with its attendant complications, I would merely focus on R.C. 2929.191, the statute that allows the trial court to correct “a judgment of conviction * * * before the offender is released from imprisonment under the prison term the court imposed.” (Emphasis added.)

Enactment of R.C. 2929.191

{¶ 21} To put this case in context, it is helpful to look back to a case that was decided when this court was of one mind with regard to postrelease-control sentencing errors. Hernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301. In Hernandez, we explained the General Assembly’s purpose in enacting Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, in 1996:
As part of the General Assembly’s goal of achieving “truth in sentencing,” the new felony-sentencing law was intended to ensure that all persons with *535 an interest in a sentencing decision would know precisely the sentence a defendant is to receive upon conviction for committing a felony. The goal is that when the prosecutor, the defendant, and victims leave the courtroom following a sentencing hearing, they know precisely the nature and duration of the restrictions that have been imposed by the trial court on the defendant’s personal liberty. Confidence in and respect for the criminal-justice system flow from a belief that courts and officers of the courts perform their duties pursuant to established law.
Id. at ¶ 31.
{¶ 22} Hernandez was not properly notified of mandatory postrelease control at his initial sentencing hearing, although he had been told that “he was ‘being sent to prison and placed on post-release control by the Parole Board for a period of up to five years.’ ” Id. at ¶ 2. He appealed and was resentenced, but postrelease control was not mentioned during his resentencing hearing, nor was it included in the judgment of conviction. Id. at ¶ 4. Nevertheless, upon Hernandez’s release from prison, the Adult Parole Authority determined that he was subject to five years of postrelease control, and after he violated several postrelease conditions, it returned him to prison. Id. at ¶ 5-6. Hernandez filed a writ of habeas corpus, seeking release from prison and from postrelease control. Id. at ¶ 7. We granted the writ, unanimously holding:
The Adult Parole Authority was not authorized to put Hernandez on postrelease control and sanction him for violating the terms of that control in the absence of appropriate notification of postrelease control by the trial court and incorporation of postrelease control in its sentencing entry. In that his journalized sentence has expired, Hernandez is entitled to the writ and release from prison and from further postrelease control.
(Emphasis added.) Id. at ¶ 32.
{¶ 23} After our decision in Hernandez, the General Assembly enacted R.C. 2929.191, which authorizes a trial court to correct a sentencing error related to the imposition of postrelease control, provided that the correction is made after the offender is given a hearing and while the offender is still serving the prison term for the relevant offense. 2006 Am.Sub.H.B. No. 137 (“H.B. 137”). Before the enactment of H.B. 137, a trial court had no special statutory power to correct a sentence that contained a postrelease-control error.[1] Furthermore, in passing *536 H.B. 137, the General Assembly clearly intended to abrogate this court’s decisions on postrelease-control sentencing error. Section 5(B) of H.B. 137 plainly states that the enactment provides a method of correction for all sentences and is intended to “apply to all convicted offenders * * * regardless of whether they were sentenced prior to, or are sentenced on or after, the effective date of this act.”

Refusal to Apply R.C. 2929.191 Retroactively

{¶ 24} Despite the clear intent of the General Assembly that R.C. 2929.191 was to apply retroactively, a majority of this court initially refused to so apply it. State v. Singleton, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958. The offender in Singleton was sentenced to prison for rape and felonious assault in 2000. Id. at ¶ 4. Although the trial court notified Singleton of five years of postrelease control at the sentencing hearing, it failed to-notify him of the consequences of violating postrelease control and improperly referred to only the possibility of five years of postrelease control in its sentencing entry. Id. In 2006, Singleton filed a motion to vacate his guilty pleas due to the error in imposing postrelease control. Id. at ¶ 6. The trial court denied the motion, and Singleton appealed. The court of appeals affirmed the denial of the motion but vacated the sentence and remanded for a de novo sentencing. Id. The state appealed, arguing that the trial court should follow the procedures set forth in R.C. 2929.191 to correct the error in the imposition of postrelease control and that a de novo sentencing hearing was not necessary. Id. at ¶ 8.
{¶ 25} In discussing the retrospective application of R.C. 2929.191, the court stated:
R.C. 2929.191 purports to authorize application of the remedial procedure set forth therein to add postrelease control to sentences imposed before its effective date. We recognize the General Assembly’s authority to alter our caselaw’s characterization of a sentence lacking postrelease control as a nullity and to provide a mechanism to correct the procedural defect by adding postrelease control at any time before the defendant is released from prison. However, for sentences imposed prior to the effective date of the statute, there is no existing judgment for a sentencing court to correct. H.B. 137 cannot retrospectively alter the character of sentencing entries issued prior to its effective date that were nullities at their inception, in order to render them valid judgments subject to *537 correction. Therefore, for criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control, the de novo sentencing procedure detailed in decisions of the Supreme Court of Ohio should be followed to properly sentence an offender.
Id. at ¶ 26.
{¶ 26} The court did hold, however, that “[f]or criminal sentences imposed on and after July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall apply the procedures set forth in R.C. 2929.191.” Id. at paragraph two of the syllabus.
Revival of R.C. 2929.191's Retrospective Application
{¶ 27} In Singleton, this court refused to apply R.C. 2929.191 retrospectively by stating that a sentencing entry omitting postrelease control was a void judgment and was thus a nullity incapable of being corrected. A year later, however, this court retreated from Singleton’s holding that a de novo sentencing hearing was required for postrelease-control sentencing errors in sentences imposed before July 11, 2006. State v. Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. Fischer declared that this court’s requiring a new sentencing hearing had been “ill-considered.” Id. at ¶ 28. Instead of a de novo sentencing hearing, Fischer held that the new hearing should be “limited to proper imposition of postrelease control.” Id. at ¶ 29. Essentially, Fischer adopted the procedure required in R.C. 2929.191 without so stating and without explicitly overruling the first syllabus paragraph of Singleton (holding that de novo sentencing hearings are required for criminal sentences imposed prior to July 11, 2006, that failed to properly impose postrelease control).
{¶ 28} Therefore, I believe that the resolution of this case lies in the retroactive application of R.C. 2929.191.

Application of R.C. 2929.191

{¶ 29} R.C. 2929.191(A)(1) states:
If, prior to July 11, 2006, a court imposed a sentence including a prison term of a type described in division (B)(2)(c) of section 2929.19 of the Revised Code and failed to notify the offender pursuant to that division that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to division (D)(1) of section 2929.14 of the Revised Code, at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this *538 section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison.
(Emphasis added.)
{¶ 30} R.C. 2929.191(A)(2) discusses the method and effect of a correction:
If a court prepares and issues a correction to a judgment of conviction as described in division (A)(1) of this section before the offender is released from imprisonment under the prison term the court imposed prior to July 11, 2006, the court shall place upon the journal of the court an entry nunc pro tunc to record the correction to the judgment of conviction and shall provide a copy of the entry to the offender * * *. * * * The court’s placement upon the journal of the entry nunc pro tunc before the offender is released from imprisonment under the term shall be considered, and shall have the same effect, as if the court at the time of original sentencing had included the statement in the sentence and the judgment of conviction entered on the journal and had notified the offender that the offender will be so supervised * * *.
(Emphasis added.)
{¶ 31} In other words, the General Assembly has enacted a procedure whereby postrelease control may be properly authorized and given effect, even though initial notification was inadequate, if the offender has not been released from prison “under the prison term the court imposed.” The statute refers to completion of the “prison term the court imposed” as a time limitation for the correction to be made.

Sentencing Error Is Not Jurisdictional

{¶ 32} The statutory definitions of “sentence” as “the sanction or combination of sanctions imposed * * * on an offender who is convicted of or pleads guilty to an offense” (R.C. 2929.01(EE)) and “sanction” as “any penalty imposed upon an offender who is convicted of or pleads guilty to an offense, as punishment for the offense” (R.C. 2929.01(DD)) make clear that these words relate to a specific offense, rather than all counts within an indictment. I agree with the majority’s analysis in regard to these definitions and its references to State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824.
{¶ 33} But the majority is incorrect in saying that this court has been consistent in holding that a trial court “loses jurisdiction” to impose postrelease *539 control after an “entire sentence of incarceration” has been served. Majority opinion at ¶ 5. All cases cited for that point hold that the defendant is not subject to an increased penalty after the prison term has expired, but not one holds that the trial court lacks jurisdiction to act. A court’s mistake in imposing postrelease control does not mean that initially the court had no jurisdiction to act. There is no question that the trial court had the authority to sentence Holdcroft, and therefore was not lacking subject-matter jurisdiction. Rather, the trial court erred in the exercise of its authority to sentence by failing to properly impose the mandatory five-year postrelease control that should have been added as a sanction for aggravated arson in the original sentencing entry.
{¶ 34} Holdcroft’s incorrect sentence could have been corrected on direct appeal. Both Holdcroft and the state did in fact appeal from the trial court’s judgment, but neither party raised the postrelease-control issue on appeal. Nevertheless, by statute, the General Assembly has extended the time for correcting this type of sentencing error pursuant to R.C. 2929.191, which allows a court to correct the error provided that it is done before the prisoner is released from the prison term for the offense. The state’s argument that all of an offender’s prison terms that resulted from a single indictment should be aggregated to allow a longer period for sentence modification is not persuasive. The Expectation of Finality
{¶ 35} I agree with the majority that Holdcroft had a legitimate expectation in the finality of his sentence for aggravated arson, but for different reasons. This court has previously stated that “there can be no reasonable, legitimate expectation of finality in [a void sentence].” State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 36, citing United States v. Crawford, 769 F.2d 253, 257-258 (5th Cir.1985). But Simpkins misconstrued Crawford by suggesting that it held that a defective sentence could be attacked forever. Rather, the Crawford court determined that there was no expectation of finality because former Fed.R.Crim.P. 35(a)[2] allowed an “illegal” sentence to be corrected at any time and the defendant was charged with knowledge of the rule. Id. at 257-258. Crawford’s holding was based on United States v. DiFrancesco, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). In DiFrancesco, the United States Supreme Court concluded that a statute that granted the United States the right, under specified conditions, to appeal a sentence did not violate the Double Jeopardy Clause, because a defendant “has no expectation of finality in his sentence until the appeal is concluded or the time to appeal has expired.” (Emphasis added.) Id. at 136.
*540 Jonathan K. Miller, Wyandot County Prosecuting Attorney, for appellee.
{¶ 36} We have incorporated DiFranceseo’s reasoning, stating, “[W]hen the legislature has provided the government with a statutory right of appeal, ‘[t]he defendant * * * is charged with knowledge of the statute and its appeal provisions, and has no expectation of finality in his sentence until the appeal is concluded or the time to appeal has expired.’ ” (Emphasis added.) State v. Roberts, 119 Ohio St.3d 294, 2008-Ohio-3835, 893 N.E.2d 818, ¶ 16, quoting DiFranceseo at 136. Thus, a defendant normally has a legitimate expectation of finality in a sentence after any appeal is concluded or the time to appeal has expired. The expectation of finality for postrelease-control sentencing errors is delayed by R.C. 2929.191, however, because that statute authorizes a trial court to correct any such error as long as the offender is still serving the prison term for the pertinent offense.
{¶ 37} More than ten years after Holdcroft was originally sentenced, the state filed a motion under R.C. 2929.191 for the court to modify his sentence for aggravated arson to include the postrelease-control sanctions that had been omitted by the court. Holdcroft’s appeal time had run, and moreover, he had completed his ten-year prison term for aggravated arson. He therefore had a legitimate expectation in the finality of that sentence, and no additional punishment could be imposed without running afoul of the Double Jeopardy Clause as well as R.C. 2929.191.

Conclusion

{¶ 38} Postrelease-control sentencing errors may be corrected on direct appeal just as any other sentencing error may be corrected. In addition, the General Assembly has provided an alternative procedure under R.C. 2929.191 that expands the time for correction of errors in imposition of postrelease control until a prison term has been completed for the relevant offense. In this case, the error in imposing postrelease control was not appealed by the state. The state also did not seek to have the postrelease-control error corrected pursuant to R.C. 2929.191 until after Holdcroft had completed his prison term for aggravated arson. Because I disagree with the reasoning expressed in the majority opinion and would rely solely on R.C. 2929.191, I concur only in the judgment that vacates the imposition of five-years’ postrelease control on Holdcroft for his offense of aggravated arson.
*541 Kristopher A. Haines, Assistant Ohio Public Defender, for appellant.

. H.B. 137 also amended R.C. 2929.19 and 2967.28. Language added to these two sections provides that on or after July 11, 2006, a trial court’s failure to include postrelease control at sentencing or in *536 the judgment entry of conviction will not “negate, limit, or otherwise affect the mandatory period of supervision that is required” to be imposed on an offender. Because Holdcroft was sentenced in 1999, these provisions are not applicable and are not at issue in this case.

. The language allowing the correction of an illegal sentence at any time was eliminated from Fed.R.Crim.P. 35(a) by Pub.L. No. 98-473, 98 Stat.2015, eff. Nov. 1, 1987.