UNITED STATES of America, Appellee,

v.

George Martin GOLAY, Appellant.

No. 76–1166.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 16, 1976.

Decided June 24, 1977.

Rehearing Denied Sept. 2, 1977.

Michael J. Maginnis, St. Louis, Mo., for appellant; Roger L. Woods, on brief.

Frank A. Bussmann, Asst. U. S. Atty., St. Louis, Mo., for appellee; Barry A. Short, U. S. Atty., on brief.

Before HEANEY and ROSS, Circuit Judges, and VAN PELT, Senior District Judge.*

VAN PELT, Senior District Judge.

Appellant Golay appeals the denial of his motion to correct an illegal sentence pursuant to Fed.R.Crim.P. 35. The record shows that Golay was sentenced after being found guilty by a jury on both counts of a two count indictment charging him in Count I with extortion in violation of 18 U.S.C. § 1951 (hereinafter referred to as the Hobbs Act) and in Count II with bank robbery in violation of 18 U.S.C. § 2113(b) and (d) (hereinafter referred to as the Federal Bank Robbery Act). He was sentenced to twenty years on the extortion charge and twenty-five years on the bank robbery charge, the sentences to run concurrently. The conviction was affirmed on appeal. *United States v. Golay*, 502 F.2d 182 (8th Cir. 1974).

The issues for consideration on this appeal are:

1) whether the sentence imposed on Golay under Count I should be vacated because appellant could not be convicted on the same set of facts both for extortion and for bank robbery and because the Federal Bank Robbery Act controls in this case; and

2) whether appellant's sentence on Count II relating to both 18 U.S.C. § 2113(b) and (d) should be reduced in light of the fact that the instructions to the

* Robert Van Pelt, Senior United States District Judge, District of Nebraska, sitting by designation.

jury covered only the lesser offense of § 2113(b).

At the outset it should be noted that appellant's pro se reply brief makes clear that he is not alleging error occurring during the trial, including the instruction to the jury, and does not want a new trial. Appellant only questions whether illegal sentences have been imposed upon him.

The first issue is not an easy one. In order to answer it, we must consider (1) whether the Hobbs Act may be applied to bank robbery; (2) whether the Federal Bank Robbery Act is so comprehensive in its coverage that even if the Hobbs Act seems broad enough to cover bank robbery it could not be applied in this case; and (3) whether it would place appellant in double jeopardy to be convicted under both the Hobbs Act and the Federal Bank Robbery Act in the event we find they are both applicable.

■ We are cited to only one circuit court of appeals, the Sixth Circuit, which has considered whether the Hobbs Act covers bank robbery. In *United States v. Beck*, 511 F.2d 997 (6th Cir.), *cert. denied*, 423 U.S. 836, 96 S.Ct. 63, 46 L.Ed.2d 55 (1975), it concluded that the Hobbs Act did not apply to bank robbery type of situations, stating:

> . . . [W]e remain unpersuaded that the Hobbs Act was designed to reach, or reaches, the extortion of bank assets, having been intended to curb labor racketeering. (citation omitted.)

*Id.* at 1000. The *Beck* court vacated the Hobbs Act conviction, and affirmed the bank robbery conviction. Appellant cites this case in support of his argument that he should be convicted only on the bank robbery charge. We do not agree with the Sixth Circuit's reading of the Hobbs Act. Although that circuit later conceded in *United States v. Yokley*, 542 F.2d 300 (6th Cir. 1976) that the Hobbs Act was not limited solely to illegal labor activities, it refused to find that the armed robbery of a store amounted to "racketeering" which was intended to be covered by the Hobbs Act, even though the offense fell within the literal language of the Hobbs Act. We refuse to interpret the Hobbs Act so narrowly. In *United States v. Mitchell*, 463 F.2d 187, 193 (8th Cir. 1972), *cert. denied*, 410 U.S. 969, 93 S.Ct. 1449, 35 L.Ed.2d 705 (1973), we recognized that the Hobbs Act was applicable to anyone who interfered with interstate commerce by robbery or extortion. We have reviewed the legislative history once again and we are convinced that this interpretation is correct.[1] The Supreme Court has also urged a broad reading of the Act. *Stirone v. United States*, 361 U.S. 212, 215, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). Thus, in terms of whether the Hobbs Act itself is broad enough to cover the crime of robbery or extortion of bank assets, we must answer in the affirmative.

■ We next consider appellant's contention that the Federal Bank Robbery Act

---

1. Drafts of the Hobbs Act appeared in the House of Representatives in the 77th Congress, 2d Session (*see* H.R.Rep.No.2176), in the 78th Congress, 1st Session (*see* H.R.Rep.No.66), and in the 79th Congress, 1st Session (*see* H.R.Rep. No.238). Each of these reports states:

> The objective of [the Hobbs Act] is to prevent *anyone* from obstructing, delaying, or affecting commerce, or the movement of any article or commodity in commerce by robbery or extortion as defined in the [Act]. (emphasis added)

Although a good portion of the debates centered on whether the bill was an antilabor measure and applied only to unions, proponents of the bill stated that it applied to any citizen who committed the crime of extortion or robbery. Representative Gwynne of Iowa stated:

> Mr. Chairman, I have been amazed and disappointed at the attitude of certain labor leaders in regard to this proposed legislation. Many of them have labeled this as antilabor legislation. That is not true. This bill simply would protect interstate commerce from robbery and extortion, *no matter by whom these crimes were committed* (emphasis added). 91 Cong.Rec. 11904 (1945). Representative Vursell of Illinois stated:
>
> Mr. Chairman, this act seeks to do only one thing—to strengthen the law against robbery and extortion. You can't read anything more into it. It should be passed by a unanimous vote.
>
> \* \* \* \* \* \*
>
> This act is intended to apply only to a citizen who is guilty of robbery or extortion. *Id.* at 11908–9.

was designed to exclusively cover bank robberies, even though the language and intent of the Hobbs Act is also broad enough to cover bank robberies. Appellant directs our attention to *United States v. Canty*, 152 U.S.App.D.C. 103, 469 F.2d 114, 127 (1972), which found the Federal Bank Robbery Act to be "a comprehensive scheme for prosecuting and punishing persons who rob federally-insured banks". *See also United States v. Beck, supra*; *United States v. Phillips*, 522 F.2d 388, 392 (8th Cir. 1974). However, *United States v. Marx*, 485 F.2d 1179, 1182 (10th Cir. 1973), *cert. denied*, 416 U.S. 986, 94 S.Ct. 2391, 40 L.Ed.2d 764 (1974), recognized that the Federal Bank Robbery Act is not directed toward the crime of extortion.[2] Where the crime of bank robbery is committed by extortionate means, as was the case here,[3] we feel it would be appropriate to convict under both Acts.

 However, we believe there is merit to the argument that it would be a violation of the double jeopardy clause of the Fifth Amendment to *sentence* appellant under both Acts. The test for double jeopardy is stated in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932):

Each of the offenses created requires proof of a different element. The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. (citation omitted.)

*See also Kowalski v. Parratt*, 533 F.2d 1071 (8th Cir.), *cert. denied*, 429 U.S. 844, 97 S.Ct. 125, 50 L.Ed.2d 115 (1976). The government argues that while the same facts may constitute the basis for both offenses, they are not the same in law since it is not necessary to prove that the bank was engaged in interstate commerce or that the taking of the money in some way obstructed, delayed or affected the bank's business in order for there to be a robbery under § 2113; and conversely, it was not necessary to prove that the bank was insured by the Federal Deposit Insurance Corporation in order to prove extortion. However, with regard to this argument, the court in *Beck* stated:

. . . [T]he Hobbs Act conviction cannot stand because precisely the same facts which permit judicial notice of the interstate nature of a national bank's operations, without addition or modification, provide the basis for it and a conviction under section 2113.

*Beck, supra* at 1000. We believe this situation is equivalent to that in *Prince v. United States*, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), where a defendant was sentenced to fifteen years for entering a bank with intent to commit robbery and twenty years for robbing the bank—the maximum term of years for each crime was twenty years. The Supreme Court found no indication that Congress intended to pyr-

---

**2.** Actually, *Marx, supra*, was concerned only with § 2113(a), although it is clear that none of the sections of that act deal with extortion. *Cf. Brinkley v. United States*, 560 F.2d 871 (8th Cir., filed the same date as this opinion) which finds that money deposited at the direction of a phone caller making extortionate type threats, provides the necessary element of taking "from the person or presence of another any property or money" to qualify for bank robbery. Thus, even though the Federal Bank Robbery Act is not directed toward the crime of extortion, it is possible for a defendant using extortionate tactics to be convicted of bank robbery. *Marx* involved a bank robbery committed by extortionate tactics, and the Tenth Circuit affirmed the defendant's conviction for bank robbery under § 2113(a), finding that more was in-

volved in the crime than just obtaining money by false pretenses and extortion as the defendant claimed. The *Marx* court, not being faced with a defendant convicted under both acts, did not squarely meet the issue of whether a defendant could be convicted and sentenced for both extortion and bank robbery.

**3.** Golay forced his way into a bank president's home, tied and gagged the president's wife, sent pictures of her in this state along with her wedding rings to her husband at the bank, and then called the president demanding $50,000 if he wanted to keep his wife alive. It is clear the object of the call was to get money from the bank.

amid the penalties and double the maximum penalty for robbery simply because the robber had entered the bank. We would have the same pyramiding of penalties here if we were to allow separate sentencing under the Hobbs Act, which carries a maximum term of twenty years, and the Federal Bank Robbery Act, which also carries a penalty of twenty years for robbery (§ 2113(a)) or twenty-five years for assault with a dangerous weapon in connection with a robbery (§ 2113(d)), etc. Both Acts are aimed at preventing the taking of money or property through threats, intimidation, or force—and, as already explained, banks are accustomed to operating on an interstate level and necessarily meet the obstruction of interstate commerce requirement under the Hobbs Act. Therefore, it was proper to convict defendant under both Acts in this instance, but improper to sentence under both. A sentence which violates the double jeopardy clause is clearly illegal under Fed.R.Crim.P. 35. *United States v. Mack*, 494 F.2d 1204, 1207 (9th Cir. 1974), *cert. denied*, 421 U.S. 916, 95 S.Ct. 1578, 43 L.Ed.2d 783 (1975); *Heflin v. United States*, 358 U.S. 415, 418, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959); *Hill v. United States*, 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). We direct the district court to vacate defendant's sentence under the Hobbs Act.

■ Regarding appellant's sentence on the bank robbery charges, he was charged in Count II with violating § 2113(b) and (d). Those sections provide:

> (b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or

possession of any bank, credit union, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both
. . . . .

\* \* \* \* \* \*

> (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

The trial court's instructions to the jury on Count II related only to § 2113(b) [4] which carries a penalty of ten years. The jury returned a guilty verdict as to Count II, and the judge imposed a twenty-five year sentence. Golay contends this was error and his sentence should be reduced to ten years. The government does not dispute the fact that no instructions were given on § 2113(d). The government also recognizes that even if more than one section of § 2113 is violated, only one sentence may be imposed. *Green v. United States*, 365 U.S. 301, 305, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961); *Heflin v. United States*, 358 U.S. 415, 419, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959); *Prince v. United States*, 352 U.S. 322, 327, 77 S.Ct. 403, 1 L.Ed.2d 370 (1956); *United States v. Delay*, 500 F.2d 1360, 1367 (8th Cir. 1974). The government's real objection is that Golay should have discovered this error sooner and raised it at the time of trial or on direct appeal, and that error in jury instructions may not be recognized in a Fed.R.Crim.P. 35 proceeding or in a habeas corpus proceeding under 28 U.S.C. § 2255. [5]

---

4. The trial court instructed the jury on Count II as follows:

> Four essential elements are required to be proved in order to establish the offense charged in count two of the indictment.
> First: That the defendant did take and carry away money belonging to, or in the care, custody, management or possession of a bank as charged.

> Second: That the defendant did so willfully and with specific intent to steal or purloin the money.
> Third: That the defendant did take and carry away money exceeding $100 and
> Fourth: That the bank, as charged, was on the date of the offense, insured by the Federal Deposit Insurance Corporation.
> The court then instructed the jury on intent.

5. Although we decide this under Fed.R.Crim.P. 35, it is clear the same result would be reached under 28 U.S.C. § 2255.

Fed.R.Crim.P. 35 provides:

> The court may correct an illegal sentence at any time . . . .

It has been stated that:

> The clearest instance of illegality is where the court imposes a sentence in excess of the maximum term authorized under the statute violated. The rule is that such a sentence is void as to the excessive portion but valid to the extent of the maximum. (footnotes omitted.)

8A Moore's Federal Practice, Criminal Rules, ¶ 35.03[2] (1976). *See also* 2 C. Wright, Federal Practice and Procedure § 582 (1969); *Robinson v. United States*, 333 F.2d 323, 326 (8th Cir. 1964); *United States v. Adams*, 362 F.2d 210, 211 (6th Cir. 1966); *Ruiz v. United States*, 365 F.2d 500, 502 (3d Cir. 1966). Where the jury was never instructed as to any of the elements necessary to convict defendant of a violation of § 2113(d), it follows that the only violation they could have considered was § 2113(b). The sentence is in excess of the maximum penalty under that section. It cannot be argued that a sentencing error did not occur merely because a prior procedural irregularity provided the basis for the illegal sentence. The prejudice to defendant is the same in both instances.

We reverse and remand to the district court for further proceedings in accord with this opinion.

---

The general rule is that only issues of constitutional magnitude are cognizable in habeas corpus. The claim must allege a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure" in order to be considered on a petition for a writ of habeas corpus. *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962). *DeBerry v. Wolff*, 513 F.2d 1336, 1338 (8th Cir. 1975). Failing to instruct the jury as to an essential element of the offense charged has consistently been characterized as a fundamental defect. *See Screws v. United States*, 325 U.S. 91, 107, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); *United States v. King*, 521 F.2d 61, 63 (10th Cir. 1975); *United States v. Byrd*, 119 U.S.App.D.C. 360, 342 F.2d 939, 941 (1965); *United States v. Hutchison*, 338 F.2d 991, 992 (4th Cir. 1964). Here the jury was not instructed as to *any* of the elements constituting an offense under § 2113(d)—yet the judge sentenced Golay under that section of the statute. The only valid sentence which could be imposed was under § 2113(b) which carries a maximum of ten years.