UNITED STATES of America,
Plaintiff-Appellant,

v.

Rudy LaBINIA, Defendant-Appellee.

No. 78–1695.

United States Court of Appeals,
Ninth Circuit.

Jan. 3, 1980.

Rehearing Denied March 26, 1980.

---

Howard T. Chang, Asst. U. S. Atty., Honolulu, Hawaii, Kathleen A. Felton, U. S. Atty., Dept. of Justice, Washington, D. C., on brief; Sidney M. Glazer, Washington, D. C., for plaintiff-appellant.

William S. Hunt, Honolulu, Hawaii, for defendant-appellee.

Before BROWNING and HUG, Circuit Judges, and HOFFMAN,* District Judge.

BROWNING, Circuit Judge:

This appeal concerns the scope of the Hobbs Act, 18 U.S.C. § 1951,[1] and the relation of the Hobbs Act to the Bank Robbery Act, 18 U.S.C. § 2113.

Rudy LaBinia and three accomplices kidnapped the wife and son of the manager of a branch of the First Hawaiian Bank. In a telephone call to the manager, LaBinia and his associates threatened to kill their hostages unless the manager left $400,000 for them at a specified vacant gas station. The plot was foiled by federal agents.

LaBinia ultimately pleaded guilty to a charge under 18 U.S.C. § 1951(a) of affecting commerce by attempting to extort funds from the bank. Some seventeen months after sentencing, the district court granted LaBinia's motion under 28 U.S.C. § 2255 and Fed.R.Crim.P. 32(d) to withdraw his guilty plea. The district court also set aside the judgment and sentence and, in a separate order, dismissed the indictment. The United States appeals from both orders.[2]

LaBinia's co-defendant, Edward Alberti, was also charged with violating 18 U.S.C. § 1951(a), and was tried and convicted. His conviction was reversed by this court in *United States v. Alberti*, 558 F.2d 1038 (9th Cir. 1977) (unpublished memorandum).

The district court dismissed LaBinia's indictment on the ground that LaBinia was not chargeable under the Hobbs Act because of this court's holding in *Alberti* that the Hobbs Act does not reach attempted bank extortion. *Alberti*, in turn, was based solely on our holding in *United States v. Snell*, 550 F.2d 515 (9th Cir. 1977), that "the federal bank theft statute, 18 U.S.C. § 2113,

---

* Honorable Walter E. Hoffman, Senior Judge, United States District Court for the Eastern District of Virginia, sitting by designation.

1. 18 U.S.C. § 1951, "Interference with commerce by threats or violence", provides in relevant part:

   (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined not more than $10,000 or imprisoned not more than twenty years, or both.

   (b) As used in this section—

   (2) The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.

2. This court has jurisdiction over the government's appeal under 18 U.S.C. § 3731. Although orders granting withdrawal of a guilty plea may not always be appealable, "[w]here, as here, the basis of the dismissal of the indictment is inextricably intertwined" with an appealable order "both orders must be reviewed together." *United States v. Tane*, 329 F.2d 848, 851–52 (2d Cir. 1964).

provides exclusive federal remedies for offensive conduct fully within its coverage," and therefore extortion is not within the Hobbs Act when the victim is a bank. The government argues that *Snell* is no longer good law, having been "seriously undermined, if not implicitly overruled," by *United States v. Culbert*, 435 U.S. 371, 98 S.Ct. 1112, 55 L.Ed.2d 349 (1978).

In *Snell*, this court excluded bank-robbery extortion from the coverage of the Hobbs Act, although the language of the statute embraces all persons who "in any way or degree . . . affect commerce . . . by robbery or extortion." We reasoned that the comprehensive categorizations of the Bank Robbery Act, 18 U.S.C. § 2113, indicated that the statute was intended by Congress to provide an exclusive remedy. Because the statute "subdivides the offense of bank robbery into a series of continuing steps" and "provides for penalties in increasing increments corresponding to the aggravated nature of the theft," it was thought to preempt prosecution under other statutes. 550 F.2d at 517. We concluded that because the accused in *Snell* "were chargeable under the bank robbery statute, they were not legally chargeable under the Hobbs Act." 550 F.2d at 518. "In respect to bank robbery," we said, "we are unpersuaded that the Hobbs Act is designed to serve interests that the federal bank robbery scheme does not already purport to serve." *Id.* at 518 n.6. Our premise in *Snell* was that a congressional intention that the plain language of the Hobbs Act not be taken at face value is to be implied from the structure of the Bank Theft Act.

The Supreme Court explicitly rejected this approach to the construction of the Hobbs Act in *United States v. Culbert, supra*. In *Culbert*, the Ninth Circuit, following the Sixth,[3] found an implied requirement in the Hobbs Act that "racketeering" be shown as an essential element of the offense. In reversing, the Supreme Court noted that the broad, yet carefully defined, language of the Hobbs Act does "not lend [itself] to restrictive interpretation." 435 U.S. at 373, 98 S.Ct. 1112. Examining the legislative history of the Act, the Court found that none of the comments in congressional debate suggested any limitation other than those found in the language of the statute itself. "To the contrary," the Court said,

> the debates are fully consistent with the statement in the Report of the House Committee on the Judiciary that the purpose of the bill was "to prevent anyone from obstructing, delaying, or affecting commerce, or the movement of any article or commodity in commerce by robbery or extortion *as defined in the bill*." H.R. Rep.No. 238, 79th Cong., 1st Sess., 9 (1945) (emphasis added); *see also* S.Rep.No. 1516, 79th Cong., 2d Sess., 1 (1946).

435 U.S. at 377–78, 98 S.Ct. at 1116 (footnote omitted).

Members of Congress understood that enactment of the Hobbs Act would lead to some duplication. Because the Hobbs Act predates the federal Bank Robbery Act, duplication of federal robbery statutes was not addressed, but "[t]he legislative debates are replete with statements that the conduct punishable under the Hobbs Act was already punishable under state robbery and extortion statutes." 435 U.S. at 379, 98 S.Ct. at 1117. The existence of overlapping coverage under other criminal statutes does not diminish the scope of the Hobbs Act. In *Culbert* the Supreme Court stated the purpose of Congress in no uncertain terms: "Our examination of the statutory language and the legislative history of the Hobbs Act impels us to the conclusion that Congress intended to make criminal *all conduct within the reach of the statutory language*." 435 U.S. at 380, 98 S.Ct. at 1117 (emphasis added).

Appellees contend this statement regarding the meaning of the statute is dictum because *Culbert* rejects only the implied exclusion from the Hobbs Act of non-racketeering offenses. But so clear a pro-

3. *See United States v. Yokley*, 542 F.2d 300 (6th Cir. 1976).

nouncement by the Supreme Court regarding the intent of Congress in enacting the Hobbs Act must be taken as barring the implied exclusion of bank-extortion offenses as well. Where the Supreme Court "is providing a construction of a statute to guide the future conduct of inferior courts," as in *Culbert*, the Court's statements as to the general meaning of the statute "must be given considerable weight." *United States v. Bell*, 524 F.2d 202, 206 (2d Cir. 1975). Moreover, it is a general rule that "unless the Supreme Court expressly limits its opinion to the facts before it, it is the principle which controls and not the specific facts upon which the principle was decided." *Walker v. Georgia*, 417 F.2d 5, 8 (5th Cir. 1969). The principle governing the interpretation of the Hobbs Act applied in *Culbert* is that "Congress has conveyed its purpose clearly" and the courts must "decline to manufacture ambiguity where none exists." *See United States v. Gomez-Tostado*, 597 F.2d 170, 172–3 (9th Cir. 1979). In *Snell* we found the Hobbs Act sufficiently ambiguous to imply an exclusion based upon the Bank Robbery Act. It is evident that the Supreme Court's discussion of the Hobbs Act in *United States v. Culbert* controverts any such determination of ambiguity and cannot, therefore, be reconciled with *Snell*. Since *Snell* can no longer be regarded as the law, the order of the district court dismissing the indictment must be reversed.

The district court allowed LaBinia to withdraw his guilty plea solely because the offense was not chargeable under the Hobbs Act. Since that ground must be rejected, the plea must be reinstated.

Reversed and remanded with instructions to reinstate the guilty plea, the judgment and the sentence.