**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael CATALDO, Defendant–Appellant.**

No. 86–3826.

United States Court of Appeals, Fifth Circuit.

Nov. 9, 1987.

Edward J. Castaing, Jr., New Orleans, La. (Court-appointed), for defendant-appellant.

Howat A. Peters, Jr., Asst. U.S. Atty., John P. Volz, U.S. Atty., Peter G. Strasser, Asst. U.S. Atty., Dept. of Justice, New Orleans, La., for plaintiff-appellee.

Before THORNBERRY, GARWOOD and HIGGINBOTHAM, Circuit Judges.

GARWOOD, Circuit Judge:

Appellant Michael Cataldo (Cataldo) was convicted on three counts for bank robbery-related crimes. He brought a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that his ten-year consecutive sentences under two of the counts violated the double jeopardy clause and that the proper remedy under *United States v. Henry*, 709 F.2d 298 (5th Cir.1983) (en banc), was to vacate the sentence on one of the two counts and allow the other to stand. The district court granted his motion but found *Henry* not controlling and vacated the sentences on both counts. The court then allowed the government to elect the count under which Cataldo would be resentenced and imposed a twenty-year sentence under that count. Cataldo appeals, arguing error in the failure to apply *Henry* and that the twenty-year sentence was vindictive under *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). We affirm.

## Facts and Proceedings Below

Cataldo was tried before a jury on a three-count superseding indictment charging what was essentially a single course of conduct as violations of (1) the Federal Bank Robbery Act, 18 U.S.C. § 2113(a), (d);[1] (2) the Hobbs Act, 18 U.S.C. § 1951;[2]

1. At the time of trial, the Federal Bank Robbery Act, 18 U.S.C. § 2113, provided in pertinent part:

   "(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

   "Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—

   "Shall be fined not more than $5,000 or imprisoned not more than twenty years or both.

and (3) conspiracy to violate the Hobbs Act.[3] On the substantive counts, Cataldo was also charged under 18 U.S.C. § 2, which makes an aider and abettor derivatively a principal.[4] The evidence at trial established that Cataldo and his brother, Paul, took a bank official, his wife, and their child hostage at gunpoint, held them overnight, and in the morning forced the bank official to procure over $400,000 from the bank. The jury found Cataldo guilty on all three counts. The district court sentenced him to consecutive ten-year imprisonment terms on the substantive counts and a concurrent ten-year term on the conspiracy count (no fine or special assessment was imposed).

Cataldo moved for postconviction relief under section 2255, arguing that his convictions and sentencing under both section 2113 (Federal Bank Robbery Act) and section 1951 (Hobbs Act) constituted double jeopardy. Cataldo argued that *United States v. Henry*, 709 F.2d 298 (5th Cir. 1983) (en banc), established that the proper remedy was to vacate his section 1951 sentence but not his section 2113 sentence. The district court agreed with Cataldo's double jeopardy claim but not his remedial arguments. The district court found that although Cataldo had waived his double jeopardy defense to conviction by not raising the issue at trial, he could still challenge his sentences on double jeopardy grounds. The district court concluded that because the same acts (bank extortion) constituted the basis for conviction under sections 2113 and 1951, sentencing Cataldo under both statutes was a violation of double jeopardy. The district court vacated Cataldo's section 2113 and section 1951 sentences, the government elected to have Cataldo resentenced under section 1951 (Hobbs Act), and the court then resentenced him thereunder to twenty years imprisonment.[5] The court explained at Cataldo's resentencing:

---

"....

"(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both."

In November 1986, Congress amended section 2113(a) to include a clause that expressly brings bank robbery by extortionate means within the coverage of section 2113(a).

2. The Hobbs Act, 18 U.S.C. § 1951, provides in relevant part:

"(a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts to conspire so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined not more than $10,000 or imprisoned not more than twenty years, or both.

"(b) As used in this section—

"(1) The term 'robbery' means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of any-

one in his company at the time of the taking or obtaining.

"(2) The term 'extortion' means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right...."

3. Although the superseding indictment did not specify under which statute the conspiracy conviction was sought, presumably it was 18 U.S.C. § 371, which provides in pertinent part:

"If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both."

No complaint is made respecting this count or the sentence thereunder.

4. Title 18 U.S.C. § 2 provides:

"(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

"(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

5. The ten-year sentence on the unchallenged conspiracy count continued as concurrent to the new sentence under section 1951. Again, no fine or special assessment was imposed.

"I believe as a matter of law that I have not increased Mr. Cataldo's sentence, and it is my intention not to increase his sentence but to impose upon him the same sentence which was imposed upon him after his conviction, which I later set aside because I felt that taking the sentence on the two counts together constituted an illegal sentence. So it is not my intention to be vindictive. It is not my intention to punish Mr. Cataldo anymore than he has already been punished. It is my clear intention to sentence him to twenty years, which was my original sentence."

Subsequently, Cataldo filed this appeal seeking to have his new twenty-year section 1951 sentence vacated and the original ten-year sentence reinstated.

## Discussion

Our analysis begins with *United States v. Henry*, 709 F.2d 298 (5th Cir.1983) (en banc). For his involvement in a shoot-out with state and federal law enforcement officers, Henry was convicted and sentenced to serve five years under 18 U.S.C. § 371, seven years concurrent under 18 U.S.C. § 111, and five years consecutive to the first two sentences under 18 U.S.C. § 924(c). Sections 111 and 924(c) both allow for enhanced penalties for assaulting a federal officer with a firearm. We subsequently ruled that a defendant may not be sentenced under both section 924(c) and section 111, and that a district court could choose to vacate either sentence. *United States v. Shillingford*, 586 F.2d 372, 376 & n. 7 (5th Cir.1978) (applying *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978)). Armed with these precedents, Henry moved to vacate his section 924(c)(1) sentence under Fed.R.Crim.P. 35. The district court instead chose to vacate the section 111 portion of the sentence, thereby reducing the total twelve-year sentence by only two years instead of the five years desired by defendant. Henry appealed and lost and was granted a rehearing en banc. While his case awaited submission, the Supreme Court decided *Busic v. United States*, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980).

In *Busic*, the Court held that the district court could not choose between sections 111 and 924(c); rather, it could only sentence under section 111. *Id.*, 100 S.Ct. at 1752. The Court reasoned solely as a matter of statutory construction, not constitutional law, that enhanced sentencing under section 924(c) for use or possession of a firearm during the commission of a felony is not permissible when the predicate felony statute, such as section 111, contains its own enhancement provision, because in that situation section 924(c) was simply inapplicable. *Id.* at 1752–53. The Court, however, expressed no opinion as to whether the court of appeals could vacate the section 111 sentence as well as the section 924 sentence so that the district court could resentence under section 111 in a manner consistent with its original sentencing intent. *Id.* at 1756 n. 19. On remand, the Third Circuit Court of Appeals held that the district court should be able to resentence under section 111 and, accordingly, vacated both sentences. *United States v. Busic*, 639 F.2d 940 (3d Cir.), *cert. denied*, 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981).

Applying *Busic*, we vacated Henry's "sentence" and remanded. *United States v. Henry*, 621 F.2d 763 (5th Cir.1980) (en banc). On remand, the district court vacated the section 924 sentence, reinstated the seven-year section 111 sentence, reduced it to five years, and made it consecutive to the remaining five-year sentence, thereby sentencing Henry to a total of ten years again. Henry again appealed, again lost, and was again granted a rehearing en banc.

The thirteen-member en banc court splintered. Six judges agreed with the result reached by the Third Circuit in *Busic* on remand and dissented. A plurality of five judges, joined by two specially concurring judges, held that the section 924(c) sentence was the only illegal sentence that the district court could correct under Rule 35, and, consequently, upward resentencing on the section 111 count was impermissible. The plurality stated, however:

"it is clear that one of the two coexisting sentences is absolutely illegal (that under section 924(c)(1)) and the other legal (that under section 111). If the only legal problem in a case is that two sentences cannot coexist (but neither has "priority"), then it arguably makes sense to vacate both of them on a direct appeal." *Henry*, 709 F.2d at 308 n. 16.

This distinction, noted by the plurality, is particularly important because it is the emphasis of the two concurring opinions. Judge Reavley, specially concurring, believed that the district court could not change the section 111 sentence because there was nothing about it "that was illegal or required to be corrected in order that some intertwined illegality could be eliminated." *Id.* at 317. Judge Jolly, specially concurring, went further and expressly stated that his conclusion would have been different if the two sentences were illegal only because they existed in combination.

"I conclude by saying that if the two sentences under §§ 924 and 111 respectively could have been considered illegal in combination, rather than as one distinctly legal sentence and one distinctly illegal sentence, or if a general sentence had been given by the district court, the conclusion I have reached would be different." *Id.* at 318.

Based on these swing votes, we have concluded in dicta that *Henry* does not apply when "[i]t is the presence of *both* sentences which makes the entire sentencing scheme illegal." *United States v. Colunga (Colunga I)*, 786 F.2d 655, 658 n. 4 (5th Cir. 1986) (emphasis in original). In other words, *Henry* is binding precedent only in a *Busic*-type case where the defendant has been sentenced under a statute that does not proscribe the conduct for which he was prosecuted.

Here, the district court held that Cataldo's sentences under sections 1951 (Hobbs Act) and 2113 (Federal Bank Robbery Act) violated the double jeopardy prohibition as enunciated in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and applied in an indistinguishable situation in *United States v. Golay*, 560 F.2d 866, 869–70 (8th Cir.1977). Cataldo does not contest this ruling, and he does not argue here that either his original section 1951 sentence or his original section 2113 sentence was invalid considered on its own and apart from his being sentenced on the other count for the same conduct; nor does he claim that either section 1951 or section 2113 is inapplicable to his conduct.[6]

---

**6.** Cataldo did raise below (in addition to his double jeopardy claim) the claim that the Hobbs Act did not in any event apply to his conduct. He has not raised that contention on appeal, and we have previously ruled to the contrary, as indicated below. Cataldo has never contended that the Federal Bank Robbery Act is inapplicable to his conduct.

Although this Court has held that the Hobbs Act provides a remedy for bank robbery by extortionate means, *United States v. Carpenter*, 611 F.2d 113 (5th Cir.), *cert. denied*, 447 U.S. 922, 100 S.Ct. 3013, 65 L.Ed.2d 1114 (1980), it has not determined if the Federal Bank Robbery Act also proscribes such activity. Only one court has held that bank robbery by extortionate means is not within the coverage of the Federal Bank Robbery Act. *See United States v. Culbert*, 548 F.2d 1355, 1356 (9th Cir.1977), *rev'd and remanded on other grounds*, 435 U.S. 371, 98 S.Ct. 1112, 55 L.Ed.2d 349 (1978), *on remand*, 581 F.2d 799 (9th Cir.1978). *Contra United States v. Marx*, 485 F.2d 1179, 1182–83 (10th Cir.1973), *cert. denied*, 416 U.S. 986, 94 S.Ct. 2391, 40 L.Ed.2d 764 (1974); *United States v. Snell*, 550 F.2d 515, 517 (9th Cir.1977); *United States v. Beck*, 511 F.2d 997, 1000 (6th Cir.), *cert.*

*denied*, 423 U.S. 836, 96 S.Ct. 63, 46 L.Ed.2d 55 (1975). Culbert was convicted under both acts, and the Ninth Circuit held that neither act was applicable. The court reasoned that section 2113(a) (Federal Bank Robbery Act) required a "trespassory taking"—a conclusion which the government conceded—and that the Hobbs Act required racketeering. 548 F.2d at 1356–57. The government appealed the decision concerning the Hobbs Act but noted that the concession by the United States Attorney respecting the Federal Bank Robbery Act did not represent the position of the Department of Justice. 98 S.Ct. at 1113 n. 1. The Supreme Court reversed, holding that all activity within the reach of the Hobbs Act's statutory language was proscribed by it. *Id.* at 1117. On remand, the Ninth Circuit reaffirmed its dismissal of the Federal Bank Robbery Act conviction, but one judge dissented from that holding. By that time, another panel of the Ninth Circuit had rendered *United States v. Snell*, 550 F.2d 515 (9th Cir.1977), holding that the Federal Bank Robbery Act was the sole remedy. In *United States v. LaBinia*, 614 F.2d 1207 (9th Cir.), *cert. denied*, 446 U.S. 969, 100 S.Ct. 2951, 64 L.Ed.2d 830 (1980), the court overruled *Snell* and held that bank extortion is

Instead, he argues that *Henry* is controlling here on the theory that "if one of the counts is illegal, because of double jeopardy, and that illegal count is vacated, the remaining count is legal."

█ We reject Cataldo's argument. When a sentencing scheme is illegal because of double jeopardy, there is no one count that a court can identify as illegal. In *Colunga I*, the Court squarely addressed this remedy problem, though not in terms of *Henry*. After holding that Colunga was sentenced in violation of double jeopardy for two conspiracies, when in fact only one conspiracy existed, we continued:

> "because the illegality of the two conspiracy sentences is intertwined—that is, the presence of both sentences makes the entire sentencing scheme illegal—Colunga cannot put blinders on this Court by purportedly challenging only one of the sentences. Therefore, the proper remedy, for which there is strong authority in this Circuit, is to vacate both sentences and remand to the District Court for resentencing on one count.... The government may select the count on which resentencing is to be based." 786 F.2d at 658 (citations omitted).

Thus, we hold that *Henry* is inapplicable and that the district court applied the proper remedy when it vacated Cataldo's sentences under both acts and resentenced him under the count that the government elected.

Having so decided, we must now address Cataldo's claim of vindictive resentencing under *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and its progeny. A pithy analysis of this line of cases is set forth in *United States v. Colunga (Colunga II)*, 812 F.2d 196, 199 (5th Cir.1987). In brief, when a trial court imposes a harsher sentence after a successful appeal, due process as interpreted in *Pearce* requires the court to set forth reasons justifying the increased sentence to overcome a presumption of vindictiveness. This prophylactic rule prevents actual vindictiveness as well as the appeal-chilling appearance of vindictiveness.

█ *Pearce*, however, likely does not apply here. The *Pearce* presumption of vindictiveness applies after a successful appeal by the defendant and only when resentencing poses a "real threat of vindictiveness." *Chaffin v. Stynchcombe*, 412 U.S. 17, 93 S.Ct. 1977, 1983, 36 L.Ed.2d 714 (1973). *See also Texas v. McCullough*, 475 U.S. 134, 106 S.Ct. 976, 979–80, 89 L.Ed.2d 104 (1986). In *Chaffin*, the Court held that *Pearce* does not apply to a sentence imposed by a jury that is unaware of the prior, lower sentence because "a jury, unlike the judge who has been reversed, will have no personal stake in the prior conviction and no motivation to engage in self-vindication." *Chaffin*, 93 S.Ct. at 1983. Here, the district court itself recognized the double jeopardy violation and granted Cataldo relief. It was not reversed or corrected by another court and it did not have to retry the case.

Further, it is questionable whether the district court in fact increased Cataldo's sentence. In *Henry*, the plurality stated in dicta that the increase in Henry's section 111 sentence called *Pearce* into play though his overall sentence was reduced.

---

chargeable under the Hobbs Act. The court did not resolve the conflict between *Culbert* and *Snell*, but a fair reading of *LaBinia* is that bank robbery by extortionate means is chargeable under both acts. This seems to be the better reading of *LaBinia*, considering that *Culbert* rests on the unapproved-of concession by the United States Attorney and the conclusion of all other courts reaching the issue that bank extortion is within the plain language of the Federal Bank Robbery Act. Moreover, *Culbert* would not apply on the facts of this case because Cataldo's brother entered the bank. *See also Golay*, 560 F.2d at 869–70 (bank extortion chargeable under both acts). *But see Beck*, 511 F.2d at 1000 (bank extortion chargeable only under Federal Bank Robbery Act). *Beck's* rejection of the Hobbs Act is undermined by the subsequent Supreme Court decision in *Culbert*, 98 S.Ct. at 1117. This, however, does not impinge *Beck's* conclusion that the Federal Bank Robbery Act is applicable.

In any event, the 1986 addition of the extortion clause to section 2113(a) (Federal Bank Robbery Act) may in the future affect the analysis. *See* H.R.Rep. No. 99–797, 99th Cong., 2d Sess., § 51, *reprinted in* 1986 U.S. Code Cong. & Ad. News 6138, 6156 (intent of House to make section 2113(a) "the exclusive provision for prosecuting bank extortion").

We are not bound, however, by this dicta of a minority of the en banc Court. Moreover, we believe that *Henry* is distinguishable. Henry's illegal section 924 sentence did not affect the legality of his section 111 sentence. Thus, Henry had an arguable finality interest in his section 111 sentence. Here, because the section 2113 and section 1951 sentences were illegal only in combination, Cataldo's double jeopardy challenge to one of the two convictions in effect challenged the entire sentencing plan. *See Colunga II*, 812 F.2d at 198. When the district court resentenced Cataldo to twenty years under section 1951 for a bank robbery by extortionate means, it merely imposed the same sentence for the same conduct. This did not invade any legitimate finality expectation on Cataldo's part. *See id.*

Even assuming, however, that Cataldo's sentence was increased and that *Pearce* does apply, the reasons given by the district court are clearly sufficient to overcome the presumption of vindictiveness. In the *Colunga* cases, we established that executing original sentencing intent may justify upward resentencing. In *Colunga I*, we noted in dicta:

"Should Colunga persist in his original desire to plead guilty, we see no legal barrier to sentencing Colunga to a more severe sentence. We have recently ruled that correction of a sentence imposed in an illegal manner does not violate double jeopardy even if the corrected sentence increases punishment; and the fact that the defendant has begun serving the original sentence is irrelevant. . . .

". . . Although not foreseen in *Pearce* —and on which we express no ruling—a considerable argument can be made for the proposition that sentencing under an incorrect statutory provision during the original sentencing may be sufficient justification for a more severe sentence for Colunga on remand. Along this same line, the record indicates that the sentencing judge would have given Colunga a more severe sentence but for the mistake—shared by all counsel—as to the

possible maximum sentence." 786 F.2d at 658–59 (footnote omitted).

In *Colunga II*, the district court had imposed the correct maximum sentence (fifteen years) on remand. The court explained that the harsher sentence reflected its original intent. We affirmed, reasoning that discovery of the appropriate sentencing provision "may be sufficient 'objective information' to justify a harsher sentence under *Pearce*. Such an explanation is certainly sufficient where, as here, the harsher sentence is consistent with the district court's original sentencing intent, as stated at the previous sentencing hearing." *Id.* at 200.

Here, the district court expressly stated at Cataldo's resentencing that it was simply reimposing the original twenty-year sentence and did not believe that it was increasing Cataldo's sentence. Even if we label the twenty-year section 1951 sentence an increased sentence, the court's statement justifies the increase. The district court originally sentenced Cataldo to a total of twenty years for bank robbery by extortionate means. The court spread the sentence over two counts (sections 2113 and 1951). Because this sentencing scheme punished Cataldo twice for one course of action, it violated double jeopardy and the district court set it aside. The district court then sentenced Cataldo to twenty years under only one count, thereby effectuating its intent to impose a twenty-year sentence for the single course of criminal conduct. In light of *Colunga II* and the district court's explanation, we hold that the twenty-year sentence was not, and could not reasonably be perceived to be, the product of judicial vindictiveness.

### Conclusion

We reject Cataldo's claims of error and, accordingly, affirm the judgment of the district court.

AFFIRMED.