FILED

MAR 28 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10270 |
| Plaintiff - Appellant, | D.C. No. 3:11-cr-00085-RCJ-VPC-1 |
| v. | |
| BRENT MICHAEL BELLAMY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Argued and Submitted March 14, 2013
San Francisco, California

Before: WALLACE, McKEOWN and IKUTA, Circuit Judges.

Brent Bellamy robbed a Reno, Nevada convenience store at gunpoint,

obtaining $135. He was quickly arrested by local police and the money was

returned to the store within an hour. Bellamy confessed to the crime and was

charged with interference with commerce by armed robbery in violation of the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Hobbs Act, 18 U.S.C. § 1951, and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). After one district judge accepted Bellamy's guilty plea, the matter was transferred to a second district judge, who expressed doubts about the robbery's impact on interstate commerce and, therefore, the basis for bringing federal charges. After additional briefing, the second judge purported to reject Bellamy's plea agreement, allowed Bellamy to withdraw his guilty plea, and dismissed the indictment for failure to allege an impact on interstate commerce. The United States appeals. We have jurisdiction under 28 U.S.C. § 1291 and we reverse.

Even assuming the district court had the power to allow Bellamy to withdraw his guilty plea—a question we do not decide—the decision to do so was contrary to our precedent on the Hobbs Act.[1] The undisputed fact that Bellamy robbed a convenience store that obtains its inventory from out of state sources establishes the requisite impact on interstate commerce. *See United States v. Rodriguez*, 360 F.3d 949, 955 (9th Cir. 2004) ("Robbery of an interstate business . . . typically constitutes sufficient evidence to satisfy the Hobbs Act's

---

[1] Although it does not affect our decision here, we note that Bellamy's plea agreement contained a non-binding sentencing recommendation. The district court therefore erred by invoking Fed. R. Crim. P. 11(c)(5) while rejecting the plea agreement.

2

interstate commerce element."); *see also United States v. Boyd*, 480 F.3d 1178, 1179 (9th Cir. 2007) (upholding Hobbs Act conviction for robbery of check cashing business that regularly engaged in interstate wire transactions). There was a factual basis for the plea and Bellamy failed to provide a "fair and just" reason for withdrawal under Rule 11(d)(2)(B); withdrawal was therefore improper. *See United States v. LaBinia,* 614 F.2d 1207, 1210 (9th Cir. 1980) (reinstating guilty plea where district court's authorization of withdrawal was based on legal error).

The indictment was sufficient because it tracked the statutory language and unambiguously set forth the elements of the offenses charged. *See United States v. Milovanovic,* 678 F.3d 713, 727 (9th Cir. 2012). There is no requirement that a Hobbs Act indictment allege specific facts establishing an impact on interstate commerce. *See United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995) (indictment that set forth elements of Hobbs Act was sufficient even though it "contained no facts alleging how interstate commerce was interfered with, and did not state any theory of interstate impact"). The dismissal of the indictment was also contrary to our precedent.

We therefore reverse and remand to the district court with instructions to reinstate the indictment and the guilty plea and to proceed with sentencing.

**REVERSED AND REMANDED**.